# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CYNTHIA M. YODER** : | | CIVIL ACTION |
| *Plaintiff* : | | |
| v. : | | |
| : | | |
| **WELLS FARGO BANK, N.A.,** *et al.* : | | NO. 16-4721 |
| *Defendants* : | | |

## MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                                                                 **OCTOBER 3, 2016**

Currently before this Court is Plaintiff Cynthia M. Yoder's most recent *pro se* complaint against Wells Fargo and other defendants concerning a foreclosure proceeding initiated in 2011 on her parents' property. Yoder seeks to proceed *in forma pauperis*. For the reasons set forth, this Court will grant her application to proceed *in forma pauperis,* and will dismiss her complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.   **FACTS**[1]

In 2009, Yoder's parents, Rance and Darlene Strunk, were struggling to pay their mortgage. In an attempt to assist her parents, Yoder obtained a power of attorney from them with the intentions of negotiating a loan modification with Wells Fargo on their behalf. In 2011, however, Wells Fargo initiated a foreclosure action against the Strunks in Chester County, Pa. Since that time, Yoder and her parents have been actively engaged in litigation in both state and federal court to stop the foreclosure. In her current complaint, Yoder avers that the foreclosure action is improper and that her parents do not owe money to Wells Fargo or to any other financial entity in connection with the property.

---

[1]   The following facts are taken from the complaint and publicly available dockets of related court proceedings.

1

Yoder's instant civil action names the following defendants: (1) Wells Fargo Bank; (2) Ismae Hernandez; (3) Stevens & Lee (also identified on the docket as Stevens & Lee Lawyers and Consultants); (4) Ms. Stacey Scrivani; (5) Mr. Craig A. Hirneisen; (6) Phelan Hallinan & Schmieg, L.L.P.; (7) Justin M. Schiff; (8) Jennie Rebecca Davey; (9) Ms. Jennifer Gorchow; (10) Ms. Courtenay R. Dunn; (11) Mr. Joseph Schalk; (12) Wilentz Goldman and Spitzer; (13) Mr. Daniel Bernheim; (14) County Sheriff Department; (15) Carolyn B. Welsh; (16) Merscorp Holdings, Inc.; (17) Merscorp, Inc.; (18) Mortgage Electronic Chester Registration System, Inc.; (19) Sharon McGann Horstkamp; (20) Chester County Recorder of Deeds; (21) Mr. Rick Loughery; (22) the Honorable Lawrence Stengel; (23) BB&T Corporation; (24) the Honorable Edward Griffith; (25) Dawson R. Muth; (26) Goldberg, Meanix, McCallin & Muth; and (27) USA Bank. These defendants are either banks, attorneys, judges, and/or county employees who played a role in the foreclosure proceedings, the recording of legal interests on the property, and/or other aspects of the litigation related to the foreclosure. Yoder also named as defendants employees and representatives of the Chester County Sheriff's Office, apparently due to their failure to "blow the whistle" on the courts' handling of the foreclosure action.

The gist of Yoder's claims is that various financial entities and their attorneys have improperly foreclosed on her parents' home, and that state and federal judges erred in ruling against her and her parents, most recently by failing to stop a sheriff's sale of the property. Yoder also alleges that the judges presiding over her cases failed to give proper consideration to her power of attorney and improperly admonished her for practicing law. The complaint includes a three-page list of civil and criminal statutes as well as constitutional provisions that Yoder believes are implicated in this case, and relies on numerous exhibits that concern prior litigation and Yoder's communications with others about the litigation. Yoder asks this Court to

"honor the power of attorney which [she and her parents] have established and agreed to." (Compl. at 22.) Yoder also asks this Court to fix the alleged legal errors committed by the judges who have presided over her cases, issue an order to "uncloud the title" to the property and (presumably) restore ownership to her parents, award damages in excess of $6 million, and discipline those who wronged her and her parents. (*Id.*)

It is apparent from the complaint, the exhibits attached to the complaint, and the public record, however, that the state court long ago resolved the foreclosure action against the Strunks. It is also apparent from the prior litigation in state and federal court that Yoder has already challenged the validity of the foreclosure proceeding under various federal and state laws; *to wit*: in 2011, Yoder filed an action in state court on behalf of her parents against Wells Fargo and others, asserting claims pursuant to the Truth in Lending Act, the Real Estate Settlement Procedures Act, and other state and federal laws. Wells Fargo removed the action to this Court. The case was assigned to Judge Stengel and, subsequently, dismissed. In light of the Judge Stengel's explanation that she could not represent her parents in federal court despite having a power of attorney, Yoder filed an amended complaint and added herself as a party plaintiff. Judge Stengel dismissed Yoder's amended complaint, with prejudice, for failure to state a claim as it was predicated entirely on legal citations and exhibits. *See Yoder v. Wells Fargo Home Mortgage*, No. CIV.A. 11-07503, 2012 WL 6562837, at *2 (E.D. Pa. Dec. 17, 2012). Judge Stengel also determined that Yoder lacked standing to raise claims on her parents' behalf. *Id.* at *2 n.5. Yoder did not appeal the dismissal.

In 2012, Yoder initiated a lawsuit in Berks County against Stevens & Lee and Stacey Scrivani stemming from their representation of Wells Fargo in the foreclosure action. That case

3

was resolved in 2012 when the court entered judgment in favor of the defendants.  *See Strunk v. Wells Fargo Bank, N.A.*, No. CIV.A. 14-5325, 2014 WL 5527827, at *2 (E.D. Pa. Nov. 3, 2014).

In 2013, Yoder filed another action in state court on behalf of herself and her parents seeking to stop the foreclosure based on alleged violations of 42 U.S.C. § 1983 and other state and federal laws, including criminal statutes.  Wells Fargo removed the case to federal court and moved for dismissal.  Judge Stengel dismissed the complaint, with prejudice, because Yoder and her parents failed to allege a sufficient factual basis to support their general allegations that Wells Fargo committed wrongdoing in connection with the foreclosure proceeding.  *Yoder v. Wells Fargo Bank, N.A.*, No. 13-CV-1377, 2013 WL 5574421, at *3 (E.D. Pa. Oct. 9, 2013), *aff'd*, 566 F. App'x 138 (3d Cir. 2014) (per curiam).  Judge Stengel also concluded that the dismissal of the 2011 federal case, the dismissal of the 2012 case in Berks County, and the state court's resolution of the foreclosure action precluded Yoder and her parents from proceeding on their claims or filing future complaints premised on the foreclosure action.  Judge Stengel concluded that leave to amend the complaint would be futile since Yoder and her parents had "developed a pattern of filing frivolous complaints, ignoring the rules of procedure, and disrespecting this court's orders."  *Id.*

Yoder and her parents appealed, and the Third Circuit Court of Appeals affirmed the dismissal of the complaint based on an absence of a plausible basis for a claim.  The Third Circuit also noted its concern "that Yoder seems at time [sic] to argue that she can represent her parents in federal court because they gave her a power of attorney[,]" despite the fact that "she is not authorized to represent [her parents] in federal court" by virtue of the power of attorney.  *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 n.6 (3d Cir. 2014) (per curiam).

In 2014, a few months after their appeal was rejected by the Third Circuit, the Strunks filed another lawsuit in state court against Wells Fargo and others, which was removed to this Court.[2]  Judge Stengel dismissed the case for failure to state a claim and as precluded by the prior litigation since the complaint duplicated prior civil cases filed concerning the foreclosure.  *See Strunk*, No. CIV.A. 14-5325, 2014 WL 5527827, at **4-5.  Yoder appealed and the Third Circuit summarily affirmed, agreeing that the prior lawsuits precluded the Strunks from proceeding on their claims.  *Strunk v. Wells Fargo Bank, N.A.*, 614 F. App'x 586, 588-89 (3d Cir. 2015) (per curiam) ("Any claims arising from the foreclosure that the Strunks should have raised in the 2013 action, but did not, are thus barred under the doctrine of claim preclusion.").  Undeterred, the Strunks filed a new complaint against Wells Fargo in February of 2016.  Judge Stengel granted the Strunks leave to proceed *in forma pauperis* and dismissed the case pursuant to 28 U.S.C. § 1915(e), as barred by the prior litigation.  *See Strunk v. Wells Fargo N.A.*, E.D. Pa. Civ. A. No. 16-922 (ECF No. 2).  That case is currently on appeal.

On August 30, 2016, Yoder filed the instant action and application to proceed without prepaying fees and costs or *in forma pauperis*.  [ECF 1].  [3]

## II. STANDARD OF REVIEW

This Court grants Yoder leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees and costs to commence this civil action.  Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the complaint if it is frivolous, malicious, or fails to state a claim.

---

[2]  Mr. Strunk filed for bankruptcy shortly before a scheduled sheriff's sale of the property.  *See Strunk v. Wells Fargo Bank, N.A.*, No. CIV.A. 14-5325, 2014 WL 5527827, at *2 (E.D. Pa. Nov. 3, 2014), *aff'd,* 614 F. App'x 586 (3d Cir. 2015).  The bankruptcy action was later dismissed for failure to make plan payments.  *Id.*

[3]  The matter was assigned to Judge Stengel, reassigned to the Honorable Berle M. Schiller on September 13, 2016 [ECF 2], and reassigned to the undersigned on September 13, 2016. [ECF 3].

*See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Id.* at 1086.  In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotations omitted).  In this determination process, the court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  As Yoder is proceeding *pro se*, this Court construes the allegations in the complaint liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.   DISCUSSION

A careful review of the complaint confirms that this civil action is yet another attempt to challenge the 2011 foreclosure action.  Yoder's pleading essentially duplicates the claims and

allegations raised in her and her parents' prior lawsuits even though those prior complaints were rejected by the courts. In light of the fact that this is now the sixth case filed by Yoder and/or her parents concerning essentially the same subject matter, this Court concludes that the complaint filed amounts to an abuse of process which may be dismissed as malicious. *See Fiorani v. Hewlett Packard Corp.*, 547 F. App'x 103, 105 (3d Cir. 2013) (per curiam) ("Repetitive litigation undoubtedly is some evidence of a litigant's motivation to vex or harass a defendant where it serves no legitimate purpose."). Yoder and her parents have had the opportunity to present these claims and arguments in state and federal court, and to seek appellate review of the rulings rendered. They may not continuously file the same lawsuit based on their dissatisfaction with the outcome of those proceedings.[4] Yoder is on notice that any further attempts to re-litigate matters pertaining to her parents' mortgage or the foreclosure may cause her to be subject to a pre-filing injunction. *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process.").

To the extent Yoder is pursuing claims that are not precluded by prior litigation, these claims also fail. Those claims primarily appear to concern Yoder's allegations that the judges who handled her and her parents' cases in state and federal court issued erroneous rulings and/or handled the matters unfairly. Judges are absolutely immune from liability under the civil rights laws based on acts taken in their judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356-

---

[4] Even though the Strunks are not names as plaintiff to this lawsuit, this Court understands the complaint to be raising claims on behalf of both Yoder and her parents. However, Yoder lacks standing to raise claims on behalf of individuals who are not parties to this lawsuit and may not represent her parents in federal court, even though she has a power of attorney. *See Yoder*, 566 F. App'x at 141 n.6; *Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)).

57 (1978); *Soto v. Sleet*, 458 F. App'x 89, 90 (3d Cir. 2012) (per curiam). Accordingly, there is no legal basis for Yoder's claims against the named judges. Under the circumstances, this Court cannot discern any other basis for plausible claim that is not precluded.[5]

## IV. CONCLUSION

For the reasons stated herein, this Court the complaint is dismissed. Yoder will not be given leave to amend the complaint because any amendment would be futile in light of the fact that Yoder is pursing claims that are malicious and baseless. An appropriate order follows which shall be docketed separately.[6]

NITZA QUIÑONES ALEJANDRO, USDCJ

---

[5] On September 23, 2016, Defendants Chester County Recorder of Deeds and Rick Lougher filed their respective motions to dismiss the complaint for failure to state a claim. *See* [ECF 8, 9]. Since Yoder's complaint is summarily dismissed with prejudice, for the reasons stated, this Court need not consider the merits of these motions, and will deny them, as moot.

[6] Although the complaint has not yet been filed, some of the defendants filed motions to dismiss. In light of the decision to dismiss this case under 28 U.S.C. § 1915(e), the Court will deny those motions as moot. The Court did not consider the defendants' filings in its § 1915(e) analysis.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CYNTHIA M. YODER** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| **v.** | : | |
| | : | |
| **WELLS FARGO BANK, N.A.,** *et al.* | : | NO. 16-4721 |
| *Defendants* | : | |

# O R D E R

**AND NOW**, this 3rd day of October, 2016, upon consideration of Plaintiff Cynthia M. Yoder's motion to proceed *in forma pauperis* (ECF No. 1) and her *pro se* complaint, it is hereby **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. For the reasons set forth in this Court's Memorandum, the complaint is **DISMISSED**, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. The motions to dismiss for failure to state a claim (ECF Nos. 8 and 9) are **DENIED,** as moot.

4. The Clerk of Court shall **CLOSE** this case.

                                              **BY THE COURT:**

                                         /s/ *Nitza I. Quiñones Alejandro*
                                         **NITZA I. QUIÑONES ALEJANDRO**
                                         *United States District Court Judge*